UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
  :
LAFAYETTE-BOYNTON APARTMENT CORP. et al., :
  :
                Plaintiffs, :
  :   21-CV-7997 (JMF)
      -v- :
  :   MEMORANDUM OPINION
DAVID LOPEZ, :   AND ORDER
  :
                Defendant. :
  :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On January 31, 2021, David Lopez filed suit in this Court against Nelson Management Group, Ltd., and LBPR Services, LLC, his former employers, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and New York labor laws. *See Lopez v. Nelson Mgmt. Grp.*, No. 21-CV-0865 (JMF) ("*Lopez I*"), ECF No. 1. Then, on August 27, 2021, Plaintiffs in this case, comprised of the *Lopez I* defendants and Lafayette-Boynton Apartment Corp., filed suit against Lopez in New York Supreme Court, seeking a declaratory judgment that Lopez's claims in *Lopez I* are barred by a settlement agreement he had signed with Lafayette in connection with his termination, which included a broad release of claims, and compensatory and punitive damages for breach of that contract. ECF No. 1-1 ("Compl."). About a month later, on September 26, 2021, Lopez removed the case to this Court, alleging that there is federal jurisdiction because the case involves a federal law, the FLSA, and because it seeks "to bar and dismiss a federal lawsuit," namely *Lopez I*. *See* ECF No. 1 ("Notice of Removal"), ¶¶ 3-6. Now pending is Plaintiffs' motion to remand the case back to state court. ECF No. 8. For the reasons that follow, Plaintiffs' motion is GRANTED.

It is axiomatic that "federal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted). An action originally filed in state court may be removed to federal court "only if the case could have been originally filed in federal court." *Hernandez v. Conriv Realty Assocs.*, 116 F.3d 35, 28 (2d Cir. 1997). "When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *NSI Int'l, Inc. v. Mustafa*, No. 09-CV-1536 (JFB) (AKT), 2009 WL 2601299, at *2 (E.D.N.Y. Aug. 20, 2009). Significantly, "in light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994). "Moreover, and especially pertinent to the pending suit, a complaint seeking a declaratory judgment is to be tested, for purposes of the well-pleaded complaint rule, as if the party whose adverse action the declaratory judgment plaintiff apprehends had initiated a lawsuit against the declaratory judgment plaintiff." *Fleet Bank, Nat'l Ass'n v. Burke*, 160 F.3d 883, 886 (2d Cir. 1998). Here, Lopez argues that there are three bases for federal subject-matter jurisdiction: first, that "the complaint . . . plead[s] a well-known federal cause of action on its face"; second, that the case presents a "substantial federal question"; and third, that this case and *Lopez I* "share a common nucleus of operative facts and are therefore part of the same case/controversy/cause of action as the federal cause of action." ECF No. 12 ("Def.'s Opp'n"), at 3.[1] None of his arguments survive scrutiny.

---

[1]   Lopez timely filed his memorandum of law in opposition to Plaintiffs' motion to remand, *see* ECF No. 11, but then, two days later, filed another version, styled a "Corrected and Supplemental" memorandum of law, *see* ECF No. 12. That memorandum was plainly untimely,

First, Lopez alleges that Plaintiffs' Complaint, which seeks a declaration that "the Agreement and its release provisions are valid and binding upon Lopez, and that Lopez has validly released the claims presented in the Federal Action," pleads a federal cause of action on its face. Def.'s Opp'n 5; Compl. ¶ 49. In doing so, Lopez relies on cases in which employers have sued in federal court, seeking a "declaratory judgment . . . that the employer was free from liability arising under the [FLSA]." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1351-52 (11th Cir. 1982); *see also Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). But there is a fundamental difference between those cases and this one. In those cases, the plaintiffs sought a declaration with respect to liability under federal law. *See, e.g.*, *Lynn's Food Stores, Inc.*, 679 F.2d at 1351-52. Here, by contrast, Plaintiffs seek declaratory relief with respect to Lopez's settlement agreement, which is "a matter of [state] contract law." *NSI Int'l, Inc.*, 2009 WL 2601299, at *5. The mere fact that that claim may have an "impact on a federal issue or federal claim, as a collateral consequence . . . , is not sufficient to meet the standard required for federal question jurisdiction." *Id.* (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). Moreover, even were it otherwise, the Court may never be confronted with issues of federal law. For example, Lopez argues that the settlement agreement's release is invalid under state law because it lacked sufficient consideration. Def.'s Opp'n 2. Accordingly, "[t]he impact of federal law on Plaintiff[s'] state-law cause[] of action . . . could only become ripe if [Lopez's] factual and legal defenses *under state law* fail. In other words, the most that can be said about [Lopez's] invocation of federal law is that there is some *possibility* that federal law may shape or even limit the remedy that Plaintiff[s] may obtain."

---

*see* ECF No. 6, and Lopez should have sought leave from the Court to file it. In any event, consideration of the second memorandum does not change the Court's analysis or conclusion.

3

*Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 933 F. Supp. 2d 613, 626 (S.D.N.Y. 2013), *aff'd*, 586 F. App'x 604 (2d Cir. 2014) (summary order). That does not suffice.

Lopez's argument that the settlement agreement is unenforceable because any waiver of rights under the FLSA requires judicial approval is immaterial. It is black-letter law that an anticipated defense does not give rise to federal-question jurisdiction. Indeed, "since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983); *accord Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense."). That is true even where it appears clear from the face of the complaint that the applicability of a particular defense will be critical to the adjudication of a case because, "[a]lthough such allegations show that very likely, in the course of the litigation, a question under [federal law or] the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under [federal law or] the Constitution." *Franchise Tax Bd.*, 463 U.S. at 10. Thus, it matters not that the court adjudicating Plaintiffs' claims here will be tasked with determining whether the FLSA bars Lopez's purported release, requiring an interpretation of federal law. "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Id.*; *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) ("[A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one

4

arising under federal law, thereby selecting the forum in which the claim shall be litigated."). Here, the Complaint does not.

Second, Lopez argues that, even if the Court finds that the claims in the Complaint do not "arise under" federal law, jurisdiction is nonetheless proper because the case involves a substantial federal question. Def.'s Opp'n 11-14. The Supreme Court has held that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (discussing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)). "Where all four of these requirements are met . . . , jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quoting *Grable*, 545 U.S. at 313-14); *see also In re Standard & Poors Rating Agency Litig.* 23 F. Supp. 3d 378, 394 (S.D.N.Y. 2014) (emphasizing that "*Grable* calls for federal jurisdiction over only a special and small category of cases" (internal quotation marks omitted)). For the reasons discussed above, this case fails to satisfy the first requirement, that the federal issue is "necessarily raised." As noted, the purported federal issue — that the FLSA imposes limits on the waiver or release of certain claims — is a potential *defense* to Plaintiffs' state-law cause of action for breach of contract. The Second Circuit has held that where an "issue . . . comes into the case as a defense . . . it is not necessarily raised by the [plaintiffs'] affirmative claims," and jurisdiction is not "appropriate under *Grable*." *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 140 n.4 (2d Cir. 2012); *see, e.g., Greenwich Fin. Servs. Distressed Mortg. v. Countrywide Fin. Corp.*, 654 F. Supp. 2d 192, 200-01, 203 (S.D.N.Y. 2009) (granting

remand, finding that "there is no evidence that [a federal law] modified the common law cause of action for breach of contract" and noting that "[c]ourts in this Circuit have not hesitated to reject arguments that attempt to apply *Grable* too broadly in breach of contract actions").

On top of that, Lopez fails to establish that the federal issue is "substantial," as required under *Grable*. Importantly, "it is not enough that the federal issue be significant to the particular parties in the immediate suit . . . . The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. Similarly, the federal issue must "present a nearly pure issue of law, one that could be settled once and for all and would govern numerous . . . other cases." *CWCapital Cobalt VR Ltd. v. CWCapital Inves. LLC*, No. 17-CV-9463 (GBD), 2018 WL 2731270, at *5 (S.D.N.Y. May 23, 2018) (internal quotation marks omitted). By contrast, where "the determination . . . is," for instance, "a fact-specific application of the regulations to [the defendant] that does not implicate the validity of the regulations themselves, or have any other broader effect on federal interests," a substantial federal question will not be found. *Congregation Machna Shalva Zichron Zvi Dovid v. U.S. Dep't of Agric.*, 557 F. App'x 87, 90 (2d Cir. 2014) (summary order). The question of whether the FLSA prevented release of Lopez's FLSA claims is a question of the second kind, "fact-bound and situation-specific." *Gunn*, 568 U.S. 263 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006)). It follows that Lopez's second argument for federal jurisdiction falls short.

Finally, Lopez argues that this case and *Lopez I* "share a common nucleus of operative facts," making them part of the "same case/controversy/cause of action." Def.'s Opp'n 3, 9-11. That may be true, but the argument "is a misreading of Section 1367, which authorizes supplemental jurisdiction over claims that are within the same civil action as a federal-question

claim," and "is not a source of subject-matter jurisdiction for federal-question purposes." 14C Wright & Miller, Federal Practice & Procedure § 3722 (4th ed. 2022). "In order to exercise supplemental jurisdiction, a federal court must *first* have before it a claim sufficient to confer subject matter jurisdiction." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 332 (2d Cir. 2011); *see also Port Auth. of N.Y. & N.J. v. Allianz Ins. Co.*, 443 F. Supp. 2d 548, 555 (S.D.N.Y. 2006) ("[S]upplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint . . . — even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient."). In other words, "[r]egardless of any policy appeal to the notion that . . . related claims should be litigated in a single forum, before a single judge, as a single case, that argument cannot supply the basis for original jurisdiction otherwise lacking in the removal petition." *Nationwide Gen. Ins. Co. v. Cela*, No. 16-CV-02054 (SRU), 2017 WL 53690, at *4 (D. Conn. Jan. 4, 2017) (cleaned up) (internal quotation marks omitted). Thus, the overlap between this case and *Lopez I* is of no moment.

For the foregoing reasons, the Court finds that it does not have subject-matter jurisdiction over this case and that it must be remanded. That said, the Court cannot say that Lopez's removal to federal court "lacked an objectively reasonable basis." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Accordingly, Plaintiffs' motion for attorney fees and costs pursuant to 28 U.S.C. § 1447(c), *see* ECF No. 10, at 18-19, is denied. *See, e.g.*, *Morgan Guar. Tr. Co. of N.Y. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992) (noting that Section 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees"). Accordingly, the Clerk of Court is directed to remand this case back

to New York Supreme Court, to terminate ECF No. 8, and to close the case on this Court's docket.

    SO ORDERED.

Dated: June 28, 2022
       New York, New York

                                      JESSE M. FURMAN
                             United States District Judge